RESOLUCIÓN
I
La Regla 4(a) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A, establece que todas “[1] as decisiones del tribunal en pleno se adoptarán por mayoría de los(as) jueces que intervengan, pero ninguna ley se declarará in-constitucional a no ser por una mayoría del número total de los jueces que componen el tribunal”.
Por su parte, la Regla 5 del Reglamento del Tribunal Supremo, supra, establece en su inciso (a) que cuando el Pleno se reúne y vota, el Juez Presidente asigna los recur-sos a los demás Jueces para la redacción y circulación de una opinión o sentencia; esto, aunque la posición del Juez Presidente, al votar en el caso, sea minoritaria. Es conve-niente que, en esa situación, la asignación la haga el Juez Asociado o la Jueza Asociada de mayor antigüedad que haya votado con la mayoría. Como ese Juez o esa Jueza comparte la posición de la mayoría del Pleno al votar, se le hace más fácil identificar el fundamento mayoritario de entre todos los que pueda haber para llegar a un mismo resultado. Por consiguiente, ese Juez o esa Jueza puede identificar con mayor precisión a quién asignar el caso para lograr que surja una opinión o sentencia del Tribunal que recoja el criterio mayoritario. Como es lógico, esa tarea es más difícil para quien no comparte el criterio que pre-valeció en un caso. La enmienda que aquí se aprueba atiende y corrige esta situación.
La norma adoptada es la misma que impera, en térmi-nos generales, en el Tribunal Supremo federal y en los *462 máximos tribunales de los estados de Arizona, Colorado, Maryland y New Jersey. Solamente diez de los cincuenta estados de la Unión siguen el mismo sistema que este Tribunal ha seguido hasta el presente. P. Brace y K.S. Butler, New Perspectives for the Comparative Study of the Judiciary: The State Supreme Court Project, 22 (Núm. 3) Just. Sys. J. 2 (2001). En todos los foros que siguen la norma que hoy adoptamos, los recursos se asignan después que el Pleno los discute. Esa realidad objetiva no cambia por el hecho de que esa discusión se dé después de una vista oral o después de una reunión de Pleno como dispone nuestra regla. La enmienda tampoco altera el sistema de asigna-ción de casos para discusión en pleno.
En su inciso (b), la Regla 5, supra, señala categórica-mente que “[n]o se podrá certificar ponencia alguna que no haya sido previamente circulada a todos(as) los(as) Jueces por [l]o menos diez (10) días antes de ser certificada, a no ser que una mayoría así [l]o disponga o que por la natura-leza urgente del asunto se prescinda de dicho término, aunque no de la circulación”. En otras palabras, el Tribunal en Pleno puede acortar los términos para certificar una ponencia, pero ésta no puede dejar de circularse a todos los Jueces o a todas las Juezas antes de certificarla. Añadimos ahora un párrafo al inciso (b) que aclara definitivamente el alcance de esta disposición para que no se repita lo que sucedió en Domínguez Castro et al. v. E.L.A. I, 178 D.P.R. 1 (2010), cuando las ponencias disidentes se enviaron a cer-tificar a la Secretaría sin haberse circulado antes entre todos los miembros del Tribunal. Por eso, se establece de manera categórica y sin margen para dudas o interpreta-ción que, se hayan acortado o no los términos reglamenta-rios, no se certificará ponencia alguna que no se haya cir-culado antes entre todos los integrantes del Tribunal. La enmienda al texto de la regla es aclaratoria y, por consi-guiente, no cambia la norma imperante.
*463 II
Conforme con la autoridad que nos concede el Art. V, Sec. 4 de la Constitución de Puerto Rico, L.P.R.A., Tomo 1, se enmienda la Regla 5 del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A, para que disponga:

Regla 5. Decisiones en los méritos

(a) Los casos para decisión en los méritos se asignarán a los(as) Jueces(zas) por el Juez Presidente cuando éste haya votado con la mayoría en la conferencia semanal del Pleno del Tribunal, mediante memorando o de cualquier otro modo. Cuando el Juez Presidente no haya votado con la mayoría, el caso será asignado por el(la) Juez(a) Asociado(a) de mayor an-tigüedad que haya votado con la mayoría. En ambas circuns-tancias, la asignación se hará dentro de los cinco (5) días si-guientes a la fecha en que los casos queden sometidos.
(b) Los(as) Jueces(zas) que intervengan en la decisión de un caso deberán indicar su posición dentro de veinte (20) días de circulada una ponencia como sentencia o dentro de treinta (30) días de circulada una ponencia como opinión. Cualquier Jue-z(a) que desee expresar por escrito su criterio, deberá notifi-carlo a los(as) demás Jueces(zas) dentro del término indicado y deberá circular su ponencia dentro de los treinta (30) días siguientes. Este término podrá ser ampliado por el Tribunal, por causa justificada. Una vez dicho(a) Juez(a) exprese por escrito su criterio, los(as) demás Jueces(zas) deberán expresar su posición al respecto dentro de cinco (5) días de circulada dicha expresión escrita cuando la ponencia original se circuló como sentencia, o diez (10) días cuando la ponencia original se haya circulado como opinión.
Cuando un(a) Juez(a) no se manifestase o no formulase su ponencia dentro de los términos a que se refiere el párrafo anterior, se podrá certificar la decisión haciéndose constar su no intervención o su expresión si la hubiese hecho. No se po-drá certificar ponencia alguna que no haya sido previamente circulada a todos(as) los(as) Jueces(zas) por lo menos diez (10) días antes de ser certificada, a no ser que una mayoría así lo disponga o que por la naturaleza urgente del asunto se pres-cinda de dichos términos, aunque no de la circulación.
El párrafo anterior no aplicará a las ponencias circuladas durante los últimos quince (15) días del término de sesiones; en ese caso, los términos antes prescritos comenzarán a contar *464 desde el primer día hábil del próximo período de sesiones. En el caso de ponencias circuladas durante el primer mes de se-siones, el término para devolver o indicar criterio será de cua-renta y cinco (45) días. Por acuerdo de la mayoría del Tribunal, podrán continuar certificándose ponencias durante el período de receso del Tribunal, siguiendo los términos previa-mente expresados.
Cuando se circule una ponencia y ésta recibe la conformidad de todos los(as) Jueces(zas), será certificada por el(la) Juez(a) ponente como la decisión del Tribunal. Cuando la ponencia circulada obtenga la conformidad de una mayoría de los(as) demás Jueces(zas), por lo menos veinticuatro (24) horas antes de certificarla como decisión del Tribunal, el(la) Juez(a) po-nente deberá notificar su propósito de así hacerlo, informando a su vez la fecha de circulación de la ponencia, los nombres de aquellos!as) Jueces(zas) que se hayan inhibido o que no hayan intervenido, los(las) que hayan concurrido y los(las) que hayan disentido. Todas las ponencias sobre un caso o asunto se cer-tificarán simultáneamente, excepto en las circunstancias indi-cadas en el siguiente párrafo. Al certificarse una ponencia, el(la) Juez(a) ponente lo informará por escrito a los(as) demás Jueces(zas).
Los(as) Jueces(zas) sólo podrán reservarse el derecho a emi-tir una ponencia luego de que se haya certificado una decisión del Tribunal cuando, por la naturaleza del asunto implicado, la mayoría del Tribunal haya decidido acortar los términos aquí establecidos. En estas circunstancias, el(la) Juez(a) que se haya reservado este derecho deberá circular su ponencia dentro del términos de diez (10) días contados a partir de la fecha en que se haya notificado dicha reserva. Los(as) oíro-slas) Jueces(zas) tendrán un término adicional de cinco (5) días para expresar su posición sobre la ponencia descrita anteriormente. Simultáneamente concluidos estos términos, se certificarán todas las ponencias o expresiones y, desde ese momento, no se certificará ninguna otra ponencia o expresión sobre el caso.
En todas las situaciones dispuestas en este inciso no se cer-tificará ponencia alguna que no se haya circulado antes entre todos los integrantes del Tribunal.
El término ponencia incluye sentencias, opiniones, votos particulares o explicativos, así como cualquier otra expresión escrita de un(a) Juez(a).

Esta enmienda comenzará a regir inmediatamente. Se ordena la publicación inmediata de esta Resolución.

*465 Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez presidente Señor Hernández Denton emitió un voto particular disidente, al cual se unió la Juez Asociada Señora Rodríguez Rodríguez. La Juez Asociada Señora Fiol Matta emitió un voto particular disidente, al cual se unió la Juez Asociada señora Rodríguez Rodríguez.
(Fdo.) Aida Ileana Oquendo Graulau Secretaria del Tribunal Supremo

— O —